# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON DIVISION

MAJED ABDULLAH MALIKI,

          Plaintiff,

v.                                                       CIVIL ACTION NO.   2:19-cv-00214

VIENNA WV POLICE DEPARTMENT, et al.,

          Defendants.

## PROPOSED FINDINGS & RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  (ECF No. 3.)  Before this Court is the complaint (ECF No. 2) filed by Plaintiff Majed Abdullah Maliki ("Plaintiff").  For the reasons explained more fully herein, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint (ECF No. 2) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

### I.   BACKGROUND

Plaintiff alleges that beginning in spring 2007, he "ha[s] been continuously and unlawfully harassed, intimidated, arrested, detained, stalked, humiliated, threatened and denied nearly every civil right that is afforded to [him] by the Constitution of the United States of America" by officers employed by Defendant Vienna WV Police Department

("VPD"). (ECF No. 2 at 1.)[1] He alleges that in August 2016, he "attempted to obtain legal protection from" Defendant Sergeant Joshua Cole ("Cole") "on two separate occasions." (*Id.* at 2.) According to Plaintiff, the first request was denied, and he was refused a hearing on the second request and was escorted from the courthouse "and directed to not show back up with any questions regarding this matter." (*Id.*) He further avers that he "was threatened and/or warned against pursuing this any further." (*Id.*) Plaintiff also alleges that on November 18, 2016, Cole "stole or unlawfully deprived [him] of [his] personal property." (*Id.*)

Plaintiff next avers that on August 8, 2017, a VPD employee "forward[ed] an altered and/or fabricated legal document to the West Virginia Department of Motor Vehicles, resulting temporarily in a new suspension of [Plaintiff's] lawful right [to] drive." (*Id.*) He claims that "nobody has ever accepted responsibility for this heinous act" and that "there were other[]" alleged "attempt[s] to jeopardize [his] legal driving privileges." (*Id.*)

Finally, Plaintiff alleges that on January 13, 2018, he "was wrongfully arrested by [Cole]" and later "attended trial and was found to be innocent." (*Id.*)

In addition, Plaintiff states, "While I do fully understand the instructions for filing this complaint, it would be humanly impossible at this point to name/label/date each and every specific incident as there have been literally hundreds of relative incidents that have remained continuous for more than a decade of my life." (*Id.*)

Plaintiff seeks damages in the amount of $5.1 million. (*Id.*)

---

[1] Plaintiff made identical allegations in an action he brought against VPD in this Court on July 13, 2016. *See* Complaint (ECF No. 2), *Maliki v. Vienna WV Police Dep't*, No. 2:16-cv-06289. That action was dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and pursuant to Federal Rule of Civil Procedure 12(b)(6) because the complaint failed to state a claim upon which relief could be granted. Mem. Op. & Order (ECF No. 16), *Maliki v. Vienna WV Police Dep't*, No. 2:16-cv-06289.

## II.  LEGAL STANDARD

Where, as here, a plaintiff seeks to proceed *in forma pauperis*, this Court has a duty to "screen initial filings . . . to independently assess the merits of *in forma pauperis* complaints" and "exclude suits that have no arguable basis in law or fact." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)); *see* 28 U.S.C. § 1915(e).  This Court must "dismiss a complaint filed *in forma pauperis* 'at any time if [it] determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted.'" *Eriline Co.*, 440 F.3d at 656 (quoting 28 U.S.C. § 1915(e)).  When reviewing an *in forma pauperis* complaint for failure to state a claim, this Court applies the same standards that it applies to review a motion filed pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (citing *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003)).

That is, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.*  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion

3

to dismiss. *Id.* at 648 (quoting *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015)). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas*, 841 F.3d at 637 (internal quotation marks omitted).

### III. ANALYSIS

A. *Plaintiff's claims arising from the August 2016 and November 2016 incidents are time-barred.*[2]

As an initial matter, although Plaintiff has not specified the legal authority under which he purports to bring his claims, the undersigned liberally construes his complaint to allege federal constitutional violations pursuant 42 U.S.C. § 1983. (*See* ECF No. 2 at 1.) The applicable statute of limitation for a § 1983 action is borrowed from the limitations period governing claims for personal injury in the state where the events alleged in the complaint occurred. *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014). In West Virginia, the statute of limitation for personal injury actions is two years. W. Va. Code § 55-2-12(b). This limitations period begins to run "when the plaintiff knows or has reason to know of his injury." *Owens*, 767 F.3d at 389. Plaintiff alleges that he was denied "legal protection" on two occasions in August 2016 and deprived of his property on November 18, 2016. (ECF No. 2 at 2.) Any § 1983 action stemming from those incidents should have been filed within two years of the date they happened. *Owens*, 767 F.3d at 388; W. Va. Code § 55-2-12(b). But this action was

---

[2] When a case is subject to *in forma pauperis* screening pursuant to 28 U.S.C. § 1915(e), this Court may *sua sponte* consider "the statute of limitations when such a defense plainly appears on the face of" the complaint. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (citing *Nasim v. Warden*, 64 F.3d 951, 953–54 (4th Cir. 1995)).

not filed until March 22, 2019. (ECF No 2.) As such, the undersigned **FINDS** that Plaintiff's claims arising from the August 2016 and November 2016 incidents are time-barred.

### B. *Plaintiff's claims arising from the August 2017 and January 2018 incidents are insufficiently pled.*

A liberal reading of Plaintiff's complaint suggests that he seeks to allege a § 1983 procedural due process claim based on the temporary suspension of his driver's license in August 2017. (ECF No. 2 at 2.) To establish a cause of action for a procedural due process violation, the complaint must plead facts showing that the plaintiff "had a constitutionally cognizable life, liberty, or property interest" of which a state actor deprived him through constitutionally inadequate procedures. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013). An individual's driver's license is a protected property interest, "and, once issued, [it] may not be [suspended] without affording a licensee procedural due process." *Scott v. Williams*, 924 F.2d 56, 58 (4th Cir. 1991) (citing *Bell v. Burson*, 402 U.S. 535, 539 (1971)).

"At bottom, procedural due process requires fair notice of impending state action and an opportunity to be heard." *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d 140, 146 (4th Cir. 2014) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950)). When a driver's license is at issue, "a prompt postsuspension remedy" may be "constitutionally adequate," even if there is no notice or hearing prior to the suspension. *Scott*, 924 F.3d at 60 (citing *Mackey v. Montrym*, 443 U.S. 1, 15, 19 (1979)).

Regardless, Plaintiff alleges only that his driver's license was suspended because a VPD employee "forward[ed] an altered and/or fabricated legal document to the West

Virginia Department of Motor Vehicles." (ECF No. 2 at 2.) The complaint includes no facts indicating that Plaintiff was denied notice of the suspension of his driver's license and an opportunity to be heard as to the same at any time. (*Id.*) Accordingly, the undersigned **FINDS** that Plaintiff's complaint fails to allege a procedural due process violation related to the suspension of his driver's license.

Liberally construed, Plaintiff's complaint also purports to allege a § 1983 unlawful arrest claim stemming from the January 13, 2018 incident. (ECF No. 2 at 2.) To state such a claim, the complaint must allege facts demonstrating that the plaintiff was arrested "without probable cause." *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002). Plaintiff's allegation that Cole "wrongfully arrested" him (ECF No. 2 at 2) is a legal conclusion that is not entitled to the presumption of truth. *See Bey v. Davis*, No. 0:11-cv-1026-SB-BM, 2011 WL 2746201, at *3 (D.S.C. June 17, 2011) (dismissing § 1983 false arrest claim as meritless "because [plaintiff] raises inarguable legal conclusions"); *Feurtado v. McNair*, No. 3:05-cv-1933-SB, 2006 WL 1663792, at *2 (D.S.C. June 15, 2006) (dismissing as frivolous complaint that alleged plaintiff "was wrongfully arrested and illegally searched"). The complaint alleges no other facts showing that Cole lacked probable cause to arrest Plaintiff. (ECF No. 2 at 2.) Although Plaintiff avers that he "attended trial and was found innocent," his innocence of the arresting offense is distinct from the issue of whether the Fourth Amendment permitted Cole to arrest him in the first place. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (distinguishing false arrest cause of action from malicious prosecution cause of action). Without more factual information, the undersigned is unable to conclude that a constitutional violation occurred when Plaintiff was arrested. The undersigned therefore **FINDS** that the

complaint fails to state an unlawful arrest claim arising from the January 13, 2018 incident.

## IV. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff's complaint (ECF No. 2) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge.   Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (mailing) from the date of the filing of this Proposed Findings and Recommendation to file with the Clerk of this Court specific written objections identifying the portions of the Proposed Findings and Recommendation to which objection is made and the basis of such objection.   Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Fourth Circuit Court of Appeals.   28 U.S.C. § 636(b)(1); *see Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

The Clerk is **DIRECTED** to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff.

ENTER:   July 6, 2020

Dwane L. Tinsley
United States Magistrate Judge